UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MIGUEL A. GONZALEZ
and other similarly situated individuals,

      Plaintiff(s),

v.

SUNSET COMMUNITY
MENTAL HEALTH, INC.,
GLADYS LINARES and
ADA LINARES, individually

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff MIGUEL A. GONZALEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants SUNSET COMMUNITY MENTAL HEALTH, INC., GLADYS LINARES, and ADA LINARES individually, and alleges:

<u>JURISDICTION VENUES AND PARTIES</u>

1. This is an action to recover money damages for retaliation, unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MIGUEL A. GONZALEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant SUNSET COMMUNITY MENTAL HEALTH, INC. SUNSET MENTAL HEALTH CORP. (hereinafter SUNSET MENTAL HEALTH, or Defendant) is a Florida corporation having its main place of business in Miami-Dade County, Florida, where the Plaintiff worked for Defendant. At all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants GLADYS LINARES and ADA LINARES were and are now the owners/partners/officers, and they directed operations of SUNSET MENTAL HEALTH. Defendants GLADYS LINARES and ADA LINARES are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]**.**

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff MIGUEL A. GONZALEZ, and other similarly situated employees to recover from the Defendants regular and overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant SUNSET MENTAL HEALTH is a mental health clinic primarily engaged in the care of mentally ill patients. Defendant provides diagnostic, treatment, and related services, including transportation services to its patients.

8.  Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES employed Plaintiff MIGUEL A. GONZALEZ as a non-exempted, full time, hourly local driver, approximately from August 24, 2019, to April 27, 2020, or 35 weeks.

9.  Within his time of employment, Plaintiff was paid at the wage rate of $12.50 an hour.  Plaintiff worked at the clinic located at 9415 Sunset DR, Suite 151, Miami FL  33173.

10. Plaintiff's duties consisted of transporting patients from their homes to the clinic, and then returning patients home.

11. During his time of employment with Defendants, the Plaintiff was misclassified as an Independent Contractor.

12. Nevertheless, at all times the Plaintiff was an employee of Defendants, under the protection of FLSA regulations because; 1) Plaintiff was a full-time employee working a pre-set regular schedule; 2) Plaintiff worked for Defendants consistently more than 58 hours weekly for a period of 35 weeks; 3)Plaintiff depended exclusively on his employment with Defendants, and he did not have any other job during his 35 weeks of employment with Defendants; 4) Defendants had absolute control over Plaintiff's hours of work, they provided Plaintiff with his work schedule and assigned his duties and tasks;  5) due to the nature of the business, Defendants closely monitored Plaintiff; 6) Plaintiff did not have any discretion to perform his work assignments or authority to refuse them; 7) the work performed by Plaintiff was an integral part of the Defendants' business; 8) Plaintiff performed his work entirely for the Defendants' facilities, and he transported exclusively to

Defendants' patients; 8) Plaintiff never used any discretion, he just followed pre-established procedures.

13. Because of the foregoing, the Plaintiff, MIGUEL A. GONZALEZ was an employee of Defendants, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

14. During his employment with Defendants, Plaintiff had a regular schedule, he worked 4 days per week from Monday to Thursday, from 5:00 AM to 7:30 PM, (14.5 hours daily). Plaintiff completed a minimum of 58 hours every week. The Plaintiff was unable to take bonafide lunch breaks.

15. Plaintiff worked 58 hours per week, but he was paid for an average of 52 regular hours weekly. There is a substantial number of hours that there were not paid at any rate, not even the minimum wage rate.

16. Thus, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

17. Plaintiff regularly worked more than 40 hours every week, However, Plaintiff was not compensated for overtime hours, as required by the Fair Labor Standards Act.

18. During the relevant time of employment, Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

20. Furthermore, the Defendants did not pay Plaintiff his wages free and clear. In many weeks Plaintiff suffered illegal deductions from his wages.  Defendants deducted from Plaintiff's wages $100.00 or $200.00 weekly, every time a patient refused to attend to his clinic's appointment, even though the Plaintiff timely went to pick up the patient. As a result, Plaintiff did not receive compensation for many compensable working hours.

21. Plaintiff was paid bi-weekly with checks without paystubs showing basic information such as the number of days and hours worked, wage rate paid, employee's taxes withheld, etc.

22. Plaintiff was not in agreement with the lack of payment for overtime hours, with the deductions for no-show patients, and he complained multiple times to his supervisor, Ms. ADA LINARES.

23. On or about March 12, 2020, Plaintiff complained to his supervisor Ms. ADA LINARES for the last time. Plaintiff requested to be paid for overtime hours.

24. As a result of the Plaintiff's complaints, Ms. ADA LINARES fired Plaintiff on or about April 27, 2020, using pretextual reasons.

25. The Plaintiff does not have time and payment records. However, he will provide a good faith estimate based on a workweek of 58 hours and his wage-rate of $12.50

an hour. After proper discovery, the Plaintiff is going to amend his statement of claim.

26. Plaintiff MIGUEL A. GONZALEZ seeks to recover retaliatory damages, unpaid regular and overtime hours, the reimbursement of illegal deductions liquidated damages, and any other relief as allowable by law.

27. The additional persons who may become Plaintiffs in this action, are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

28. Plaintiff MIGUEL A. GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. This action is brought by Plaintiff MIGUEL A. GONZALEZ and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

30. This cause of action is brought by Plaintiff MIGUEL A. GONZALEZ as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2019,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

31. Defendant SUNSET MENTAL HEALTH was and is engaged in interstate commerce pursuant to 29 U.S. Code § 203 (r) (2) (C) and 203 (s) (1) (C).  Defendant provides medical services and receives payments from Medicare and Medicaid. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

32. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a driver, and through his daily activities, used the channels of interstate commerce and transported patients recipients of Medicare and Medicaid.  Therefore, there is individual coverage.

33. Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES employed Plaintiff MIGUEL A. GONZALEZ as a non-exempted, full time, hourly local driver, approximately from August 24, 2019, to April 27, 2020, or 35 weeks.

34. Within his time of employment, Plaintiff was paid at the wage rate of $12.50 an hour.  Plaintiff worked at the clinic located at 9415 Sunset DR, Suite 151, Miami FL 33173.

35. Plaintiff's duties consisted of transporting patients from their homes to the clinic, and then returning patients home.

36. During his time of employment with Defendants, the Plaintiff was misclassified as an Independent Contractor. Nevertheless, always the Plaintiff was an employee of Defendants, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

37. During his employment with Defendants, Plaintiff had a regular schedule, he worked 4 days per week a minimum of 58 hours every week. The Plaintiff was unable to take bonafide lunch breaks.

38. Plaintiff worked 58 hours per week, but he was paid a weekly average of 52 regular hours at his regular rate.

39. Plaintiff regularly worked more than 40 hours every week.  However, Plaintiff was not compensated for overtime hours, as required by the Fair Labor Standards Act.

40. During the relevant time of employment, Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

41. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

42. Furthermore, the Defendants did not pay Plaintiff his wages free and clear. In many weeks Plaintiff suffered illegal deductions from his wages.  Defendants deducted from Plaintiff's wages $100.00 or $200.00 weekly, every time a patient refused to attend to his clinic's appointment, even though the Plaintiff timely went to pick up the patient. As a result, Plaintiff did not receive compensation for many compensable working hours.

43. Plaintiff was paid bi-weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

44. The records, if any, concerning the number of hours worked by the Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

45.  The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation based on a workweek of 58 hours, after proper discovery, the Plaintiff will adjust his calculations.

    a.  <u>Total amount of unpaid half-time O/T wages</u>:

Three Thousand Nine Hundred Thirty-Seven Dollars and 50/100 ($3,937.50)

    b.  <u>Calculation of such wages</u>:

Total weeks of employment:  35 weeks
Relevant weeks of employment:  35 weeks
Total number of hours worked:  58 average weekly.
Total number of overtime hours: 18 hours weekly
Total number of unpaid O/T hours:  18 hours weekly
Reg. rate: $12.50 an hour x 1.5=$18.75 O/T rate-$12.75 rate paid=$6.25
Half-time difference: $6.25an hour

Half-time $6.25 x 18 O/T hours=$112.50 weekly x 35 weeks=$3,937.50

    c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid overtime wages.

47. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked more than forty hours (40) per workweek as provided in said Act.

48. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

49. At the times mentioned individual Defendants GLADYS LINARES and ADA LINARES were the owners/partners/and directed operations of SUNSET MENTAL HEALTH.  Defendants GLADYS LINARES and ADA LINARES were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interest of SUNSET MENTAL HEALTH concerning its employees, including Plaintiff and others similarly situated.  Defendants GLADYS LINARES and ADA LINARES had operational and financial control of the business, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

50. Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

51. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MIGUEL A. GONZALEZ and those similarly situated respectfully requests that this Honorable Court:

    A.  Enter judgment for Plaintiff and other similarly situated and against the Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

    E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff MIGUEL A. GONZALEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

52. Plaintiff MIGUEL A. GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

53. This action is brought by Plaintiff MIGUEL A. GONZALEZ and those similarly-situated to recover from the Employer SUNSET MENTAL HEALTH unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

54. Defendant SUNSET MENTAL HEALTH was and is engaged in interstate commerce pursuant to 29 U.S. Code § 203 (r) (2) (C) and 203 (s) (1) (C).  Defendant provides medical services and receives payments from Medicare and Medicaid. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

55. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a driver, and through his daily activities, used the channels of interstate commerce and transported patients which

were beneficiaries of Medicare and Medicaid. Therefore, there is individual coverage.

56. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

57. Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES employed Plaintiff MIGUEL A. GONZALEZ as a non-exempted, full time, hourly local driver, approximately from August 24, 2019, to April 27, 2020, or 35 weeks.

58. Within his time of employment, Plaintiff was paid at the wage rate of $12.50 an hour.

59. Plaintiff's duties consisted of transporting patients from their homes to the clinic, and then returning patients home.

60. During his time of employment with Defendants, the Plaintiff was misclassified as an Independent Contractor.

61. Nevertheless, always the Plaintiff was an employee of Defendants, under the protection of FLSA regulations because; 1) Plaintiff was a full-time employee working a pre-set regular within the meaning of 29 U.S.C. § 203(e)(1). Defendants

were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

62. During his employment with Defendants, Plaintiff had a regular schedule, he worked 4 days per week from Monday to Thursday a minimum of 58 hours every week. The Plaintiff was unable to take bonafide lunch breaks.

63. Plaintiff worked 58 hours per week, but he was paid for an average of 52 regular hours weekly. There is a substantial number of hours that there were not paid at any rate, not even the minimum wage rate.

64. The Plaintiff did not clock in and out.  However, the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

65. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

66. Plaintiff was paid bi-weekly with checks without paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

67. The records, if any, concerning the number of hours worked by Plaintiff MIGUEL A. GONZALEZ, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

68. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

69. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff wage-rate was $12.50.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

    One Thousand Seven Hundred Ninety-Five Dollars and 60/100 ($1,797.60)

    b.  <u>Calculation of such wages</u>:

    Total relevant weeks of employment: 35 weeks
    Total relevant weeks of employment:35 weeks
    Total hours worked: 58 hours weekly average
    Total number of hours paid:  52 average
    Total number of regular unpaid hours: 6 hours average weekly
    Fl. Minimum wages: $8.56 an hour

    Min. Wage $8.56 x 6 hours=$51.36 weekly x 35 weeks=$1,797.60

    c.  <u>Nature of wages</u>:

    This amount represents unpaid minimum wages.

70. Defendants SUNSET MENTAL HEALTH, and GLADYS LINARES AND ADA LINARES willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

71. Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

72. At the times mentioned individual Defendants GLADYS LINARES and ADA LINARES were the owners/partners/and directed operations of SUNSET MENTAL HEALTH.  Defendants GLADYS LINARES and ADA LINARES were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interest of SUNSET MENTAL HEALTH concerning its employees, including Plaintiff and others similarly situated.  Defendants GLADYS LINARES and ADA LINARES had operational and financial control of the business, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

73. Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

74. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MIGUEL A. GONZALEZ and those similarly situated respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff MIGUEL A. GONZALEZ and against the Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MIGUEL A. GONZALEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

75. Plaintiff MIGUEL A. GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

76. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

77. Defendant SUNSET MENTAL HEALTH was and is engaged in interstate commerce pursuant to 29 U.S. Code § 203 (r) (2) (C) and 203 (s) (1) (C). Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce, and the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

78. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a driver, and through his daily activities, used the channels of interstate commerce and transported patients' recipients of Medicare and Medicaid. Therefore, there is individual coverage.

79. Because of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

80. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

81. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

82. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any

proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

83. Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES employed Plaintiff MIGUEL A. GONZALEZ as a non-exempted, full time, hourly local driver, approximately from August 24, 2019, to April 27, 2020, or 35 weeks.

84. Within his time of employment, Plaintiff was paid at the wage rate of $12.50 an hour.

85. Plaintiff's duties consisted of transporting patients from their homes to the clinic, and then returning patients home.

86. During his time of employment with Defendants, the Plaintiff was misclassified as an Independent Contractor.

87. Nevertheless, always the Plaintiff was an employee of Defendants, under the protection of FLSA regulations, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

88. During his employment with Defendants, Plaintiff had a regular schedule, he worked 4 days per week from Monday to Thursday, a minimum of 58 hours every week.

89. Plaintiff worked 58 hours per week, but he was paid for an average of 52 regular hours weekly. There is a substantial number of hours that there were not paid at any rate, not even the minimum wage rate.

90. Thus, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

91. Plaintiff regularly worked more than 40 hours every week, However, Plaintiff was not compensated for overtime hours, as required by the Fair Labor Standards Act.

92. During the relevant time of employment, Plaintiff did not clock in and out, but the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

93. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

94. Furthermore, the Defendants did not pay Plaintiff his wages free and clear. In many weeks Plaintiff suffered illegal deductions from his wages.  Defendants deducted from Plaintiff's wages $100.00 or $200.00 weekly, every time a patient refused to attend to his clinic's appointment, even though the Plaintiff timely went to pick up the patient. As a result, Plaintiff did not receive compensation for many compensable working hours.

95. Plaintiff was not in agreement with the lack of payment for overtime hours, and with the deductions for no-show patients, and he complained multiple times to his supervisor, Ms. ADA LINARES.

96. On or about March 12, 2020, Plaintiff complained to his supervisor Ms. ADA LINARES for the last time. Plaintiff requested to be paid for overtime hours.

97. These complaints constituted protected activity under the Fair Labor Standards Act.

98. Because of the Plaintiff's complaints, Ms. ADA LINARES fired Plaintiff on or about April 27, 2020, using pretextual reasons.

99. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

100.    There is proximity between Plaintiff's protected activity and his termination.

101.    The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

102.    At the times mentioned individual Defendants GLADYS LINARES and ADA LINARES were the owners/partners/and directed operations of SUNSET MENTAL HEALTH.  Defendants GLADYS LINARES and ADA LINARES were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interest of SUNSET MENTAL HEALTH concerning its employees, including Plaintiff and others similarly situated.  Defendants GLADYS LINARES and ADA LINARES had operational and financial control of the business, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

103.    Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES willfully and maliciously retaliated against Plaintiff by engaging

in retaliatory actions that were materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

104.     The motivating factor which caused Plaintiff to be fired, as described above was his complaint seeking overtime wages from the Defendants.  In other words, Plaintiff would not have been fired, but for his complaint for overtime wages.

105.     The Defendants' adverse actions against Plaintiff were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

106.     Plaintiff MIGUEL A. GONZALEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MIGUEL A. GONZALEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against the Defendants SUNSET MENTAL HEALTH and ADA LINARES that Plaintiff recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants SUNSET MENTAL HEALTH, GLADYS LINARES, and ADA LINARES to make whole the Plaintiff by providing appropriate back pay

and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff MIGUEL A. GONZALEZ further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff MIGUEL A. GONZALEZ demands trial by a jury of all issues triable as of right by a jury.

Dated:  June 19, 2020

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*